**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VINCENT CARDOVA, SR.,

Plaintiff,

v.

WASHOE COUNTY SHERIFF DEPARTMENT et al.,

Defendants.

3:17-cv-00020-MMD-WGC

**ORDER**

## I. DISCUSSION

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, a civil complaint for personal injury, and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1, 1-2).

Plaintiff's application to proceed *in forma pauperis* is incomplete. Pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, Plaintiff must complete an application to proceed *in forma pauperis* and attach both an inmate account statement for the past six months and a properly executed financial certificate. Plaintiff has not submitted a properly executed financial certificate on this Court's approved form or an inmate account statement. (*See* ECF No. 1). As such, the *in forma pauperis* application is denied without prejudice. Plaintiff will be granted an opportunity to cure the deficiencies of his application to proceed *in forma pauperis*, or in the alternative, pay the full filing fee for this action. If Plaintiff chooses to file a new application to proceed *in forma pauperis*, he must file a fully complete application to proceed *in forma pauperis*.

The Court notes that Plaintiff has submitted two complaints in this case–a § 1983 civil rights complaint and a civil complaint for personal injury. Plaintiff may only have one operative

complaint in each case. As such, within thirty (30) days from the date of this order, Plaintiff shall either: (1) file a notice with the Court indicating which complaint he seeks to proceed on and which complaint he seeks to withdraw; or (2) file a fully amended complaint which incorporates both complaints into one complaint. If Plaintiff fails to indicate which complaint he wishes to proceed on, the Court will presume that the § 1983 civil rights complaint is the operative complaint and will strike the civil complaint for personal injury as moot.

If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice to file a new application.

IT IS FURTHER ORDERED that the Clerk of the Court SHALL SEND Plaintiff the approved form application to proceed *in forma pauperis* by a prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that within **thirty (30) days** from the date of this order, Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400 fee for filing a civil action (which includes the $350 filing fee and the $50 administrative fee).

IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result.

IT IS FURTHER ORDERED that within **thirty (30) days** from the date of this order, Plaintiff shall either: (1) file a notice with the Court indicating which complaint he seeks to proceed on and which complaint he seeks to withdraw; or (2) file a fully amended complaint which incorporates both complaints into one complaint. If Plaintiff fails to indicate which complaint he wishes to proceed on, the Court will presume that the § 1983 complaint (ECF No. 1-1) is the operative complaint and will strike the civil complaint for personal injury (ECF No. 1-2) as moot.

IT IS FURTHER ORDERED that, if Plaintiff chooses to file an amended complaint, as outlined in this order, Plaintiff shall file the amended complaint within **thirty (30) days** from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1) and his civil complaint for personal injury (ECF No. 1-2). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that the Clerk of the Court shall retain the complaints (ECF No. 1-1, 1-2), but shall not file them at this time.

DATED: This 17th day of January, 2017.

William G. Cobb

United States Magistrate Judge